IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ANTIONE THOMAS, #02399247, | § |
| Plaintiff, | § |
| v. | § Case No. 6:24-cv-421-JDK |
| JOHN D. LOVE, et al., | § |
| Defendants. | § |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Antione Thomas, proceeding pro se, filed a petition for writ of mandamus. Docket No. 1. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On May 14, 2025, Judge Mitchell issued a Report recommending that the Court deny Plaintiff's petition and that Petitioner be denied a certificate of appealability. Docket No. 7. Specifically, Judge Mitchell determined that Petitioner failed to meet the standards required for mandamus, as he neither showed a clear right to relief nor any clear duty by Respondents to do the acts requested: recusal. Moreover, Judge Mitchell explained that the Court cannot mandamus itself. Petitioner filed timely objections. Docket No. 8.

Where a party timely objects to the Report, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an

1

independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Petitioner reiterates his claim that since he filed multiple proceedings in this Court in which he received "adverse rulings"—*Thomas v. West*, 6:22-cv-30; *Thomas v. Director, TCJ-CID*, 6:24-cv-150; *Thomas v. Texas Department of Family and Protective Services*, 6:24-cv-396—the Court acted in "bad faith" and is biased. Specifically, Petitioner states that "adverse rulings in every case should draw public concerns to the interest of petitioner's cases and denials of all motions in all cases [] undermin[es] fair proceeding and gives light to the denials due to knowledge of evidence." Docket No. 8. Though Petitioner claims he disagrees with the Magistrate Judge's Report, he does not respond to (i) the substance of the Report; (ii) the determination that he failed to meet the standards required for a writ of mandamus; or (iii) the finding that this Court cannot mandamus itself.

Petitioner's objections are overruled. The party "filing objections must specifically identify those findings objected to." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc). "Frivolous, conclusive or general objections need not be considered by the district court." *Id*. "An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.," and merely referring

to the briefing is not specific. *Smith v. Burger King Corp.*, 2022 WL 17540569, at *1 (E.D. Tex. Dec. 7, 2022).

Additionally, mandamus is not appropriate when claiming a district court erred in its rulings within its jurisdiction. *See United States v. Comeaux*, 954 F.2d 255, 261 (5th Cir. 1992) (explaining that mandamus is "not appropriate when "the most that could be claimed is that the district courts have erred in ruling on matters within their jurisdiction" (quoting *Parr v. United States*, 351 U.S. 513, 520 (1956))); *see also In re Avantel, S.A.*, 343 F.3d 311, 317 (5th Cir. 2003) (explaining that "merely showing that the district court erred is insufficient to obtain mandamus relief," as mandamus is no substitute for an appeal).

Having reviewed the record in this case, the Magistrate Judge's Report, and Plaintiff's objections de novo, the Court concludes that the objections are without merit and that the findings and conclusions of the Magistrate Judge are correct. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 7) as the opinion of the Court. Petitioner's objections (Docket No. 8) are **OVERRULED** and his petition for writ of mandamus (Docket No. 1) is **DENIED**. To the extent one may be required, Petitioner is further **DENIED** a certificate of appealability. All pending motions are **DENIED** as moot.

So **ORDERED** and **SIGNED** this **2nd** day of **June, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE